| | | |
|---|---|---|
| PHILIP BATICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| TRACTION ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Philip Batick ("Plaintiff" or "Batick"), by and through counsel, brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) against Defendant Traction Enterprises, Inc. ("Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1.    Plaintiff brings his FLSA claims under 29 U.S.C. § 216(b) and seeks to recover unpaid overtime compensation and statutory penalties during the three-year period preceding filing this Complaint.  Plaintiff's FLSA claims result from Defendant's policy and practice of failing to pay Plaintiff an overtime premium rate of pay for all hours worked over forty in a workweek.

## THE PARTIES

2.    Plaintiff is an adult individual who is a resident of Concord, North Carolina.

3.    Defendant is a domestic business corporation registered and in good standing in the State of North Carolina, with its principal office located at 401 Lawton Road, Charlotte, North Carolina.

## JURISDICTION AND VENUE

4.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

5.      This Court has personal jurisdiction because Defendant conducts business in Mecklenburg County, North Carolina, which is within this judicial district.

6.      Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged occurred in Mecklenburg County, North Carolina.

## COVERAGE ALLEGATIONS

7.      Defendant is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8.      At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

9.      At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

10.      Plaintiff is an employee of Defendant within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

2

11.     At all times hereinafter mentioned, Plaintiff is an individual employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

12.     Defendant owns and operates Belhaven Tire and Auto, which is located at 401 Lawton Road, Charlotte, North Carolina.

13.     At all relevant times, Plaintiff was a nonexempt employee within the meaning of the FLSA and eligible for overtime compensation for all work performed in excess of 40 hours in a workweek.

14.     Defendant employed Plaintiff during the FLSA's three-year statutory period preceding the filing of this complaint.

15.     Plaintiff began his employment at Belhaven Tire and Auto in or about September 2019.  At the time of his hire, Brackbill Family Corporation owned Belhaven Tire and Auto.  In or about August 2020, Defendant purchased Belhaven Tire and Auto from the Brackbill Family Corporation.  Plaintiff worked at Belhaven Tire and Auto and held the position of Lead Mechanic until July 27, 2022.

16.     At all relevant times, Plaintiff worked Monday through Friday from 7:30 a.m. to 6:00 p.m.  Plaintiff occasionally worked on Saturday from 7:30 a.m. to 6:00 p.m.

17.     From September 2019 until about August 2020, Brackbill Family Corporation paid Plaintiff an hourly rate of thirty dollars ($30) per hour for all "flagged hours" Plaintiff worked under forty (40) hours in a workweek.  Plaintiff received an "overtime" rate of forty dollars ($40) per hour for all "flagged hours" over forty in a workweek.  Defendant continued to pay Plaintiff in the same manner described above until approximately March 2021.

3

18.    Beginning in or about March 2021, Defendant started paying Plaintiff a weekly salary of $1,200 regardless of the number of hours Plaintiff worked in a workweek.  Defendant misclassified Plaintiff as an exempt employee and refused to pay Plaintiff an overtime premium for all hours worked over forty (40) in the workweek.

19.    By way of example, during the workweek of January 9, 2022 to January 15, 2022 Plaintiff worked 72 hours.  Defendant compensated Plaintiff at his weekly salary for forty (40) hours worked.

20.    Defendant knew or should have known that Plaintiff worked unpaid overtime hours during the FLSA's statutory time period because Plaintiff asked Kevin Humphries ("Humphries"), Defendant's President, if Plaintiff was considered an exempt employee or a non-exempt employee. Humphries responded, "I don't know.  But it doesn't matter because I am paying you $1,200 per week."

21.    Defendant did not pay Plaintiff for the overtime hours he worked during the three-year period prior to filing this lawsuit.

22.    Defendant willfully failed to pay Plaintiff the overtime premium required by the FLSA during the three-year period before filing this lawsuit.

### (Count I: Violation of FLSA – Overtime)

23.    Plaintiff incorporates by reference paragraphs 1-22 of his Complaint.

24.    Defendant violated the FLSA by failing to pay the overtime premium on all hours Plaintiff worked over forty in a workweek.

25.    Defendant's violation of the FLSA was willful.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

4

a)  An Order under Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b)  An Order awarding the costs of this action;

c)  An Order awarding reasonable attorneys' fees;

d)  A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

e)  An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f)  An Order granting such other and further relief as may be necessary and appropriate.

Dated: August 8, 2022

Respectfully submitted,

/s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
Facsimile: (704) 612-0038
Email: phil@gibbonslg.com
        corey@gibbonslg.com

*Attorneys for Plaintiff*